UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS WILLIAMS,

       Plaintiff,                                    Case No.  06-11312

v.                                                District Judge Paul D.  Borman
                                                      Magistrate Judge R.  Steven Whalen

DEBORAH RIES, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION RE: DEFENDANTS'
MOTION TO DISMISS**

On March 30, 2006, Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983, naming as Defendants several MDOC employees.  Before the Court is Defendants' Motion to Dismiss for Failure to Establish Exhaustion of Administrative Remedies [Docket #19], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' Motion be DENIED WITHOUT PREJUDICE.

**I.    PROCEDURAL BACKGROUND**

At the time he filed his complaint on March 30, 2006, Plaintiff was an inmate at the Southern Michigan Correctional Facility in Jackson, Michigan.  In his complaint, he asserts

due process violations based on deprivation of his personal property; a denial of his right of access to the courts; and a retaliatory transfer to another prison. He requests declaratory, injunctive and monetary relief.

Plaintiff attached a number of exhibits to his complaint, including some prison grievance documentation.[1] However, as Defendants note, the documentation appears to not be complete, that is, there are Step I grievances, but no Step II or III documents.[2]

Defendants filed their Motion to Dismiss on June 26, 2006, arguing that the Plaintiff failed in his obligation to submit documentation showing that he exhausted his administrative remedies by completing all steps of the grievance process, and that the complaint should also be dismissed based on the "total exhaustion" rule established by the Sixth Circuit in *Jones-Bey v. Johnson,* 407 F.3d 801(6th Cir. 2005).

## II.  ANALYSIS

At the time Defendants filed this Motion, the law of the Sixth Circuit was that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The Court held that such a plaintiff was required to specifically plead exhaustion. *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). Finally, in *Jones-Bey*, the Sixth Circuit held

---

[1] Plaintiff filed a previous complaint in this Court, raising the same claims. *See Williams v. Ries, et.al.*, E.D. Mich. No. 05-70432. That complaint was dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies as to Defendants Huffman and Burt. Those two Defendants are not included in the present case.

[2] The MDOC has a three-step grievance appeal process.

that if a plaintiff exhausted administrative remedies as to some, but not all of the defendants and claims, the entire complaint must be dismissed.

On January 22, 2007, the United States Supreme Court decided *Jones v. Bock*, 549 U.S._, 127 S.Ct. 910 (2007), a unanimous opinion written by Chief Justice Roberts. In *Jones*, the Supreme Court held that under the Prison Litigation Reform Act (PLRA), exhaustion of administrative remedies is an affirmative defense that does not have to be pled or initially documented by the plaintiff:

> "We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S.Ct. at 921.

The Supreme Court also rejected the Sixth Circuit's "total exhaustion" rule set forth in *Jones-Bey*, holding that a plaintiff's failure to exhaust administrative remedies as to one claim or one defendant does not require the dismissal of the exhausted claims. *Id.* at 923-24.

In other words, the Supreme Court overruled the above Sixth Circuit cases on which Defendants rely, rejecting the core legal basis of the Defendants' Motion. The Motion inverts the burden of proof and the burden of production by relying on the Plaintiff's claimed failure to properly plead and demonstrate exhaustion, and on the total exhaustion rule of *Jones-Bey*.[3]

---

[3]It would be manifestly unfair for the Court to rely on Plaintiff's pre-*Jones* submissions to determine the exhaustion question. It is now clear that he was not required to submit documentation, and to rely on those documents–which may or may not be complete–would be to relieve the Defendants of their burden of proving non-exhaustion as an affirmative defense.

Therefore, given the radically altered legal landscape in the Sixth Circuit, the Defendants' Motion to Dismiss must be denied. Nevertheless, exhaustion of administrative remedies is still a requirement of the PLRA, as the Supreme Court recognized in *Jones*. To the extent that there is a question as to whether Plaintiff has exhausted his administrative remedies, it would, under *Jones*, be incumbent on the Defendants to raise and support that argument as an affirmative defense:

> "As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. It is to say that there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defense to a pleading requirement by the curiously indirect route of specifying that courts should screen PLRA complaints and dismiss those that fail to state a claim." *Jones v. Bock*, 127 S.Ct. at 921.

Accordingly, under *Jones v. Bock*, Defendants may file a motion to dismiss in which they raise exhaustion as an affirmative defense and provide sufficient evidence to meet their burden of showing that a particular claim or Defendant has not been exhausted.

### III.   CONCLUSION

I therefore recommend that Defendants' Motion to Dismiss [Docket #19] be DENIED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 23, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 23, 2007.

S/G. Wilson
Judicial Assistant