UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS WILLIAMS,

       Plaintiff,                                Case No.  06-11312

v.                                              District Judge Paul D.  Borman
                                                Magistrate Judge R.  Steven Whalen

DEBORAH RIES, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

On March 30, 2006, Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983, naming as Defendants Corrections Officer Deborah Ries; MDOC Inspector Cynthia Acker; Assistant Resident Unit Manager (ARUM) Penny Landrum; and Grievance Coordinator Larry McMillan. Before the Court is Plaintiff's Motion for Summary Judgment [Docket #22], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that Plaintiff's Motion be DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on October 22, 2003, Defendant Ries, a correctional officer at the Southern Michigan Correctional Facility (JMF), acting on the instruction of Defendant Acker, an inspector, confiscated 105 letters and 200 photographs from his prison cell. *Complaint* at ¶8. Plaintiff states that he was issued a Notice of Intent to Conduct a Hearing (NOI) form and a contraband removal form. *Id.* at ¶9. He claims that neither Ries or Acker gave him a reason for confiscating apparently non-contraband material or informed him of the charges against him, which he alleges left him unable to prepare a defense for the hearing *Id*. at ¶10. He filed a grievance against Ries on October 31, 2003, submitting it to Defendant McMillan, a grievance coordinator. *Id.* at ¶12. However, McMillan returned the grievance to Plaintiff unprocessed, with a note stating that he did not believe that Plaintiff had given Acker enough time to resolve the complaint on an informal basis. *Id.* at ¶¶13-14. Plaintiff refiled his grievance against Ries on November 4, 2003, which was denied at Step I of the grievance procedure by Defendant Huffman on November 18, 2003. *Id.* at ¶15. On November 6, 2003, Plaintiff had filed a second grievance, this time against grievance coordinator McMillan, based on his refusal to process the original grievance against Ries. *Id.* at ¶17. On December 2, 2003, Acker sent a memo to Defendant Landrum, stating that all of the confiscated material should be returned to Plaintiff with the exception of six letters and one envelope. The memo also directed that a hearing be held. *Id*. at ¶18-20. On December 8, 2003, before a hearing was provided, the MDOC transferred Plaintiff to Ojibway Correctional Facility (OCF). *Id*. at ¶21-22. On January 17, 2004, Assistant Resident Unit Supervisor (ARUS) Derry, a non-defendant at the Chippewa Correctional Facility, returned

to Plaintiff 99 out of the 105 confiscated letters and 153 of the 200 confiscated photographs. *Id.* At ¶23-24.[1]

In substance, Plaintiff raises three constitutional claims:

1. That Defendants Ries and Acker violated his right to procedural due process by depriving him of notice and hearing with regard to the confiscation of his property. (Claims I and IV).

2. That Defendant McMillan violated his First Amendment right of access to the courts by not processing his grievance against Ries and Acker. (Claim II).

3. That Defendant Landrum violated the First Amendment by retaliating against him for filing grievances, by ordering his transfer to a prison camp in the remote and desolate Upper Peninsula of Michigan.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact.

---

[1] Plaintiff's previous Complaint in Case No. 05-70432, raising essentially the same factual and legal claims, was dismissed without prejudice based on lack of exhaustion of administrative remedies. The previous Complaint alleged, at ¶¶25-27, that on January 17, 2004, ARUM Derry conducted the hearing on the N.O.I. at the Chippewa Correctional Facility prior to returning the Plaintiff's property.

*Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III. ANALYSIS

#### A. Due Process

In Claims I and IV, Plaintiff alleges a due process violation against Defendants Ries and Acker based on, first, their failure to give him pre-deprivation notice of the reasons for confiscating his property, and secondly, for not affording him either a pre-deprivation or timely post-deprivation hearing.

Without question, the Plaintiff had a property interest in the letters and photographs that were confiscated from him. Thus, he had a corresponding procedural due process right to notice and hearing regarding the deprivation of that property. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ([T]he Court usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property"). Nevertheless, due process "is a flexible concept that varies with the particular situation." *Id.; Goss v. Lopez*, 419 U.S. 565, 579 (1975) (at a minimum, due process requires "*some* kind of notice

and...*some* kind of hearing"). (Emphasis in original).[2]

Normally, a pre-deprivation hearing is required. However, where there are exigent circumstances, a timely post-deprivation hearing may satisfy due process. In *Flatford v. City of Monroe,* 17 F.3d 162, 167 (6th Cir. 1994), the Court held, "A prior hearing is not constitutionally required where there is a special need for very prompt action to secure an important public interest and where a government official is responsible for determining ...that it was necessary and justified in a particular instance." *Flatford* also held that where a confiscation occurs under these circumstances, a defendant may be shielded by qualified immunity, "particularly where post-deprivation remedies can immediately correct any errors in judgment." In *Thomas v. Cohen*, 304 F.3d 563, 577 (6th Cir. 20020), the Court, citing *Flatford*, held that where property is confiscated based on exigent circumstances or important government interests, there must be "an immediate and meaningful post-deprivation administrative process."

In the present case, it is undisputed that the Plaintiff's property was confiscated, that he was not given a pre-deprivation hearing, and that his post-deprivation hearing did not

---

[2]Plaintiff is correct that the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), does not apply. The *Parratt* doctrine permits dismissal of due process claims "if (1) the deprivation was unpredictable or 'random,' (2) pre-deprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995), citing *Zinermon v. Burch*, *supra*, 494 U.S. at 136-39. In such case, a plaintiff is left to pursue state remedies for recovery of property that is wrongfully taken. Defendants Ries and Acker both state in their affidavits that they were acting in the scope of their authority as MDOC employees.

occur while he was at JMF. However, summary judgment is precluded because there are questions of material fact as to the culpability of Defendants Ries and Acker, including whether they are entitled to qualified immunity.

By affidavit, Defendant Ries states that she was acting under the direction of Defendant Acker, an Inspector, and that the items were taken pending an "investigation," apparently regarding whether the material was contraband. *Defendant's Motion*, Exhibit 7.

Defendant Acker states in her affidavit that in October, 2003, prison staff discovered evidence that an employee at Riverside Correctional Facility, where Plaintiff had been held until June, 2003, had engaged in an "inappropriate and overly familiar relationship with Plaintiff." *Defendant's Motion,* Exhibit 9. She states that Ries confiscated the correspondence based on the belief that the Riverside employee was writing to Plaintiff, adding that based on the advice of Defendant Larry Brown, an inspector at the Riverside prison, she delayed scheduling Plaintiff's hearing to avoid alerting the suspected employee of the investigation. She indicates that prison staff determined that the six letters and one envelope retained by the prison were deemed contraband on the basis that they showed evidence of an improper relationship.

There is, first, a factual question as to whether the confiscation of the letters and photographs fit within the *Flatford* exception to the pre-deprivation hearing requirement, i.e., whether there was an important penological interest that necessitated immediate action. Even if the initial confiscation was, in retrospect, erroneous, the Defendants may be protected by qualified immunity. *Flatford, supra.* Next, the Defendants have factual defenses as to why

a timely post-deprivation hearing was not held at JMF. Indeed, Defendant Acker ordered that Landrum (who is not named in this Claim) conduct a hearing. The hearing was not held because the Plaintiff was transferred, a fact that arguably supports a defense of impossibility. In her affidavit, Defendant Landrum states, "Plaintiff transferred to the Ojibway Correctional Facility (OCF) on 12-8-03, so there was insufficient time for me to conduct a hearing before he left JMF." *Plaintiff's Motion*, Exhibit 12, ¶5.

Finally, it appears that Plaintiff was afforded a hearing later, at the Chippewa Correctional Facility. This suggests a factual question as to whether, under *Flatford* and *Thomas*, his post-deprivation hearing was sufficiently timely to satisfy due process concerns.

Given these questions of fact, Plaintiff must be denied summary judgment on his due process claims.

### B.   Denial of Access to the Courts

Plaintiff claims that by not properly processing his administrative grievance against Ries and Acker, Defendant McMillan denied him his right of access to the courts, since exhaustion of administrative remedies is a requirement of the Prison Litigation Reform Act (PLRA).

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the

Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

At this point, Plaintiff has not shown any prejudice to his litigation as the result of anything Defendant McMillan did or did not do. In fact, on February 23, 2007, this Court issued a Report and Recommendation that Defendants' motion to dismiss based on non-exhaustion be denied, based on the Supreme Court's recent decision in *Jones v. Bock*, 549 U.S._, 127 S.Ct. 910 (2007). Accordingly, Plaintiff is not entitled to summary judgment on his access-to-the-courts claim.

### C. Retaliation

Plaintiff claims that Defendant Landrum retaliated against him for filing grievances, by ordering his transfer to Ojibway.

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." There is no dispute that filing a grievance is protected conduct, so Plaintiff has satisfied the first element.

There is a question as to whether Plaintiff's transfer to a different institution can be

-8-

considered an adverse action. A prisoner has no constitutional right to be confined in any particular institution, *see Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). But even if Plaintiff did meet the second prong of *Thaddues-X*, there is a question of fact as to the causal relationship between his filing a grievance and being transferred. That the latter occurred after the former does not create an ineluctable inference of causality. Moreover, there is a question of whether Defendant Landrum herself had anything to do with the transfer. In her affidavit she states, at ¶6, "I did not request the transfer, nor did I prepare the transfer order for Plaintiff. A copy of the transfer order was clearly prepared by the Transfer Coordinator, C. Hunt, and not by me." Given these questions of material fact, Plaintiff is not entitled to summary judgment.

### IV. CONCLUSION

I therefore recommend that Plaintiff's Motion for Summary Judgment [Docket #22] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<pre>
                                        S/R.  Steven Whalen
                                        R.  STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
</pre>

Dated: February 27, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 27, 2007.

<pre>
                                        S/G.  Wilson
                                        Judicial Assistant
</pre>