UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS WILLIAMS,                             No. 06-11312

        Plaintiff,                          District Judge Paul D. Borman

v.                                           Magistrate Judge R. Steven Whalen

DEBORAH RIES, ET.AL.,

        Defendants.
                                                     /

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) [Docket #26], which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that the motion be DENIED.

**I.  FACTS**

On March 30, 2006, Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983, naming as Defendants Cynthia Acker, Penny Landrum, and Larry McMillan, MDOC employees. At the time he filed his complaint, Plaintiff was an inmate at the Southern Michigan Correctional Facility in Jackson, Michigan. In his complaint, he asserts due process violations based on deprivation of his personal property; a denial of his right of access to the courts; and a retaliatory transfer to another prison. He requests declaratory, injunctive and monetary relief.

In his Motion for TRO, Plaintiff asks the Court to enjoin the MDOC from transferring him to different prisons. He states that since he filed his Complaint, he has been transferred numerous times from prison to prison, interfering with his ability to prosecute his case.

## II. STANDARDS FOR GRANTING INJUNCTIVE RELIEF

In determining whether to grant a preliminary injunction, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary

injunction, and their burden is a heavy one. A preliminary injunction is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.; Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

### III.   ANALYSIS

#### A.   Likelihood of Success

We begin with the proposition that "courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons." *Hanna v. Toner*, 630 F.2d 442, 444 (6th Cir. 1980). Furthermore, prison inmates do not have a constitutional right to be at any particular prison, and correctional authorities have broad discretion to transfer inmates to different facilities. In *Ward v. Dyke*, 58 F.3d 271, *274 (6th Cir. 1995), the Court stated:

> "Prisoners do not have a constitutional right to be incarcerated in any particular institution. *See Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.; Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). "Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." *Meachum,* 427 U.S. at 228, 96 S.Ct. at 2540."

Given the deference given to prison authorities, and Plaintiff's failure to make any substantial showing that post-Complaint transfers are constitutionally impermissible, this Court should refrain from entangling itself in the MDOC's decisions as to prison administration, including the transfer of prisoners.

In addition, Plaintiff claims in his Complaint that past transfers have been done for retaliatory motives. Whatever the merits of that claim, the present motion for TRO challenges to subsequent transfers that occurred after the filing of the Complaint, and, significantly, that were effected by MDOC personnel that are not parties to this lawsuit. He has not shown the personal involvement of any of the named Defendants in post-Complaint transfers. Thus, this Court does not have personal jurisdiction over the individuals who ordered Plaintiff's transfers, and cannot enter an injunctive order against them. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006); Fed.R.Civ.P. 12(b)(2).

In short, Plaintiff has not shown a substantial likelihood of success on the merits that would warrant a TRO.

### B. Irreparable Harm

Other than conclusory statements, Plaintiff has not shown that transfers have caused or will cause irreparable harm, particularly given the Supreme Court's admonition in *Meachum* that prisoners have no constitutional right to be placed in any particular institution. Nor has he shown harm as to his ability to proceed in this case. To the contrary, the docket sheet shows that he has aggressively prosecuted his case, and has clearly been able to both

file motions and pleadings, and to respond to Defendants' motions.

## C. Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner transfers. The public has an interest in a well-regulated and orderly prison system, albeit one that respects the constitutional rights of the inmates. By granting injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding the MDOC's legitimate prison policies.

Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

In conclusion, a balancing of the factors weighs substantially against the grant of a TRO.

## IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Temporary Restraining Order [Docket #26] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *and Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 31, 2007.

S/Gina Wilson  
Judicial Assistant