**EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS WILLIAMS,

       Plaintiff,                   Civil Case No. 06-CV-11312

v.                                JUDGE PAUL D. BORMAN
                                    MAGISTRATE JUDGE R. STEPHEN WHALEN

DEBORAH A. RIES, et. al.,

       Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF SUMMARY JUDGMENT, AND (3) DISMISSING THE ACTION

Before the Court is Plaintiff Carlos Williams's Objections to Magistrate Judge R. Stephen Whalen's August 29, 2008 Report and Recommendation in favor of granting Defendants' Motion for Summary Judgment and dismissing the action. (Dkt. No. 60). The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I. BACKGROUND**

The Court finds the Magistrate Judge has accurately and succinctly set forth the complicated background of this action and therefore the Court shall adopt by reference those portions of the Report and Recommendations here. (*See* Report Dkt. No. 72, 1-5).

**II. ANALYSIS**

    **A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a

summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

### B. Objections

Plaintiff lists three different objections to the Magistrate Judge's Report and Recommendation.

#### 1. Due Process Objections

Plaintiff first contends that the Magistrate Judge erred by completely overlooking the fact that Plaintiff has never received any notice—pre-deprivation or post-deprivation—of why his property was confiscated.

The Court finds that this objection is without merit. As the Magistrate Judge accurately set forth in his Report and Recommendation, an inmate does not have a protected property interest in possessing contraband. *See Kimble v. Dept of Corrections*, 411 F.2d 990, 991 (6th Cir. 1969) (affirming the district court's grant of the defendant's motion to dismiss the plaintiff's complaint against the defendant for seizing money determined to be contraband because the defendant's actions were "a properly regulated function of the administration of the State Prison of Southern Michigan and as such did not constitute a violation of the appellant's civil rights"); *Steffey v.*

*Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("An inmate does not have a property interest in possessing contraband.").

Without a protected property interest, Plaintiff is not entitled to any due process protections, which includes pre- or post-deprivation notice. At no point in Plaintiff's Complaint, his Response to Defendant's Motion for Summary Judgment, or his Objections to the Magistrate Judge's Report and Recommendations does Plaintiff allege that the letters confiscated from him were anything other than what Defendants held them out to be—contraband. In fact, at his deposition, Plaintiff objected to questions from Defendant's counsel, asking of the six letters that Plaintiff did not receive back, who were they from and what were they pertaining to. (Def.'s Br. Ex. A, Pl.'s Dep. 14:19–15:24, Aug. 17, 2007). Plaintiff objected to these questions on the grounds that even though the instant proceedings were not criminal in nature, criminal proceedings potentially could arise down the line. (Pl.'s Dep. 15:15–18). Of course, Plaintiff can object to such questions as he did, and the Court will not draw negative inferences from such an objection. But as the Defendants have demonstrated that there is no genuine issue of material fact as to each element of Plaintiff's due process claim, Plaintiff needs to bring forth sufficient evidence demonstrating that there was a genuine issue of material fact as to whether Plaintiff had a protected property interest in the confiscated materials. Because Plaintiff has not done so, the Court finds his objection without merit.

### 2. First Amendment/Access to the Courts

Plaintiff's next objection merely states that he opposes the Report and Recommendation regarding his second claim for relief "based on the arguments in his claim and motion for summary judgement." (Pl.'s Obj. 2). Having reviewed the Report and Recommendation, and there being no specific objections, the Court enters its findings and conclusions regarding Plaintiff's second claim for relief.

### 3. Retaliation

Plaintiff's final objection involves the Magistrate Judge's alleged error in failing to consider the second prong of Plaintiff's retaliation claim—that Defendant Landrum transferred him in order to evade conducting a hearing with Plaintiff as she was instructed to do so by Defendant Acker. Because under this prong Plaintiff is not claiming that Defendant transferred him as a result of anything that he did in exercising his constitutional rights (i.e., in retaliation), it cannot be properly addressed as a retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (finding that the first element that a Plaintiff show in a retaliation claim is the engagement in constitutionally protected conduct). Instead, Plaintiff's allegation that Defendant Landrum transferred him to avoid conducting a hearing with Plaintiff is more properly analyzed as a violation of his Fourteenth Amendment due process rights. *See Meachum v. Fano*, 427 U.S. 215, 224-225 (1976).

Nevertheless, where state prison regulations create no constitutionally protected liberty interest against such a transfer, a prisoner has no constitutional right to remain in a particular institution and can be transferred for any reason or no reason at all. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Since Plaintiff has neither alleged nor offered in his objections that the state prison regulations create a constitutionally protected liberty interest against his transfer from the Southern Michigan Correctional Facility to the Ojibway Correctional Facility, Plaintiff's claim must fail.

### III. CONCLUSION

For these reasons, the Court:

(1) **ADOPTS** the Magistrate Judges's Report and Recommendation granting Defendant's Motion for Summary Judgment;

(2) **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation in favor of summary judgment (Dkt. No. 72); and

(3)     **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 26, 2008.


                                        s/Denise Goodine
                                        Case Manager